UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT WESTON #194331, | Case No. 5:06-cv-206 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| JOHN PRELESNIK, | |
| Respondent. | |

**OPINION and ORDER**

**Overruling the Petitioner's Objections and Adopting the R&R;
Dismissing the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus;**

**Entering Judgment in Favor of the Respondent;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case**

Due to events occurring in October 1999, Vincent Weston was charged with one count of first-degree murder - premeditated (MICH. COMP. LAWS § 750.316), two counts of assault with intent to commit murder (MICH. COMP. LAWS § 750.83), one count of felon in possession of a firearm (MICH. COMP. LAWS § 750.224f), and one count of possessing a firearm during the commission of a felony (MICH. COMP. LAWS § 750.227b). Following a bench trial in Michigan state court, the judge found Weston guilty of the following offenses:

– instead of first-degree murder, 40-80 years imprisonment for the second-degree murder for the killing of Calvin Berry (MICH. COMP. LAWS § 750.317);

– 20-40 years imprisonment for assault with intent to murder, as charged, for the

killing of Mandell Moore (MICH. COMP. LAWS § 750.83);

– instead of assault with the intent to commit murder, 5-10 years imprisonment for assault with the intent to inflict bodily harm less than death for the shooting of Melvin Berry (MICH. COMP. LAWS § 750.84);

– 2-5 years for felon in possession of a firearm, as charged (MICH. COMP. LAWS § 750.224f);

– 2 years for possessing a firearm during commission of a felony, as charged (MICH. COMP. LAWS § 750.227b).

The state trial judge ran all sentences concurrently except for the felony-firearm sentence, which ran consecutively. Weston appealed, asserting two assignments of error: (1) his state sentencing guidelines were based on materially false information, so his sentence violates his due process right to be sentenced based on accurate information, and (2) if trial counsel waived Weston's challenge to the inaccurately-scored sentencing guidelines, that constituted ineffective assistance of counsel requiring resentencing. The Michigan Court of Appeals affirmed Weston's convictions and sentence, explaining the factual background and addressing the merits as follows:

> Defendant's convictions arose from a shooting that occurred at a Detroit home. [D]efendant and Mandell Moore visited a bank to cash Moore's $3,800 check. Defendant waited in the car, while Moore entered the bank. After cashing the check, Moore purchased [items costing a total of $2,240].
>
> At approximately 10:00 p.m. that evening, Calvin Berry and Melvin Berry visited defendant and Moore. Melvin Berry and defendant were close friends. Defendant and Moore were also close friends. [D]efendant was drinking cognac as the four men lounged in the living room. Later, while Moore was playing video games and Melvin Berry was talking on his cellular phone, defendant inexplicably began firing a gun. There was no argument preceding the shooting. Defendant did not speak while he fired the gun, but he did make "noises." Defendant shot Melvin Berry in the hand and the bullet w[ent] through his arm into his chest. Calvin Berry asked, "Man, what are you doing?" Defendant shot Calvin Berry in the face. Moore ran to the back of the house, but defendant chased him while continuing to fire the gun. Moore was shot in the neck and the hand and he fell to the floor. Defendant walked past him and fired again, grazing Moore's head. Defendant then returned to the living room. Moore escaped through a window.

In the living room, Melvin Berry tried to exit [through] the front door, but could not open the door because of his injury. Defendant approached Melvin Berry, pointed the gun at him, and pulled the trigger. When the gun did not fire, defendant ran to the back of the house and exited through the back door. Ultimately, Calvin Berry died of the multiple gunshot wounds to the chest and head.

At sentencing, the trial court assigned fifty points for offensive variable six (OV 6) and twenty-five points for offense variable 13 (OV 13), placing defendant's potential sentence in OV Level III. Defendant did not object to the scoring.

**Defendant argues that he is entitled to resentencing because the trial court incorrectly scored OV 6 and OV 13. We disagree.**

* * *

Defendant first argues that the trial court improperly scored fifty points for OV 6 because he was found not guilty of first-degree premeditated murder. Pursuant to M.C.L. 777.36(a), fifty points should be scored if:

> The offender had premeditated intent to kill or the killing was committed or attempting to commit arson, criminal sexual conduct in the first or third degree [sic], criminal child abuse in the first degree, a major controlled substance offense, robbery, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, or kidnapping[,] or the killing was the murder of a peace officer or a corrections officer.

Pursuant to M.C.L. 777.36(b), twenty-five points should be scored if:

> The offender had an unpremeditated attempt to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result.

Defendant was originally charged with first-degree premeditated murder. The trial court found him guilty of second-degree murder, finding no evidence of premeditation. There was also no evidence that defendant committed or attempted to commit any of the other enumerated crimes. Therefore, **the trial court erred in scoring fifty points for OV 6. However this error does not require resentencing because the defendant's second-degree murder conviction supports a scoring of twenty-five points for OV 6, which does not affect the minimum sentence range.**

Defendant also argues that the trial court improperly scored twenty-five points for OV 13. MCL 777.43 provides in relevant part:

> Offense Variable 13 is a continuing pattern of criminal behavior.

3

> Score offense variable 13 by determining which of the following appl[ies] and by assigning the number of points attributable to the one that has the highest number of points.
>
> * * *
>
> (b) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person . . . 25 points.
>
> The evidence demonstrates that defendant fired a gun at three individuals. Contrary to defendant's argument, the fact that the incidents occurred within a short span of time does not render the actions less of a pattern than if they had occurred over a longer period of time. We find the evidence sufficient to establish a pattern of [felonious] criminal behavior. The trial court did not err in scoring OV 13 at twenty-five points.
>
> **Based on our finding that OV 6 should have been scored at twenty-five points and OV 13 was properly scored, defendant's total OV score would be 115 [rather than the 140 calculated by the state trial judge]. A score of 100 points or more places a sentence in OV level III. Because the change would not affect the minimum sentence range, there was no plain error affecting defendant's substantial rights.**

*People v. Weston*, No. 238168, 2003 WL 356664, *1-3 (Mich. App. Feb. 18, 2003) (per curiam) (Neff, Bandstra, Kelly) (footnotes omitted, boldface added). The Michigan Court of Appeals also rejected Weston's argument that his trial counsel was rendered constitutionally ineffective assistance by failing to raise the OV-scoring arguments. The panel reasoned that even if trial counsel's performance was deficient in that respect, it did not prejudice him because the correct OV scoring would have resulted in the same OV level (III) and the same minimum sentence. That meant that Weston could not satisfy the second prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *People v. Pickens*, 446 Mich. 298, 309-327, 521 N.W.2d 797 (Mich. 1994). *See People v. Weston*, No. 238168, 2003 WL 356664, *1-3 (Mich. App. Feb. 18, 2003) (per curiam) (P.J. Neff, Bandstra, Kelly) (footnotes omitted, boldface added). The Michigan Supreme Court denied leave to appeal by a one-sentence order, *People v. Weston*, No. 123669, 469 Mich. 946, 671 N.W.2d 52

(Mich. Oct. 31, 2003) (table).

Weston moved for relief from judgment in state trial court, claiming ineffective assistance due to counsel's failure to present a defense, present expert witness testimony, obtain witness medical records to impeach his testimony, investigate adequately, and properly cross-examine prosecution witnesses. Weston's motion for relief also contended that the trial court erred in denying his motion for a directed verdict because it applied the wrong legal standard and because the evidence was insufficient to support verdicts of guilty beyond a reasonable doubt. Finally, Weston sought relief on the theory that appellate counsel rendered ineffective assistance because he failed to raise clear and obvious issues that arose at trial, failed to investigate, failed to give him a copy of the trial transcripts, and violated an administrative order of the Michigan Supreme Court. The trial court denied the motion, the Michigan Court of Appeals affirmed, and the Michigan Supreme Court denied leave to appeal. *See People v. Weston*, No. 01-00933, Op. and Order (Mich. 3d Cir. Ct., Crim. Div., Sept. 20, 2005)*, aff'd* (Mich. App. June 2, 2006) (not on WestLaw), *leave to app. den.*, No. 131837, 477 Mich. 944, 723 N.W.2d 890 (Mich. App. Nov. 29, 2006).

Weston filed the instant habeas petition under 28 U.S.C. § 2554, asserting claims of ineffective assistance of trial counsel, erroneous denial of motion for directed verdict, and ineffective assistance of appellate counsel. Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that Weston's 28 U.S.C. petition be denied. Weston filed timely objections on December 1, 2009, and warden John Preslesnik filed a response to the objections on February 23, 2010, which was timely under the court's order. The court also finds that Weston's objection is sufficiently specific and articulated

to trigger *de novo* review of the portions of the R&R to which he has objected.[1]

**The court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objections.** Applying the correct AEDPA standard of review of state-court decisions, *see* R&R at 7-9, the Magistrate Judge correctly concluded that Weston procedurally defaulted his claims of ineffective assistance of trial counsel because he failed to assert that claim on direct appeal, and the Michigan Court of Appeals and Supreme Court denied review due to that failure, citing MICH. CT. R. 6.508(D), an adequate and independent state-law ground which has been regularly followed in this fashion since 1990, *see* R&R at 12. *See also Tolliver v. Sheets*, No. 08-3177, – F.3d –, –, 2010 WL 597087, *20 (6th Cir. Feb. 22, 2010) (Suhrheinrich, McKeague, Kethledge) (setting forth standard for habeas petitioner to escape procedural-default bar) (citing *Scuba*, 527 F.3d at 488).

**The Magistrate also correctly concluded that Weston failed to show good cause for his failure to raise Claims I and II – the ineffective-trial-counsel, directed-verdict, and insufficient-evidence claims** – and that he failed to show that he would be prejudiced or suffer a fundamental miscarriage of justice from this court's refusal to consider those defaulted claims, because they are meritless, *see* R&R at 13. "'By definition, . . . counsel cannot be ineffective for a failure to raise an issue that lacks merit.'" *Kincade v. Wolfenbarger*, 324 F. App'x 482, 495 (6th Cir. 2009) (C.J. Boggs, Gilman, Rogers) (quoting *Greer v. Michel*, 264 F.3d 663, 676 (6th Cir. 2001)). *See, e.g., Burton v. Renico*, 391 F.3d 764, 780 (6th Cir. 2004) ("[A] constitutional claim based on the absence of an instruction regarding mitigation or justification in this case lacks merit, so it cannot be said that

---

[1] "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

failure to raise such an objection on direct appeal constituted ineffective assistance . . . ."); *Ashe v. Jones*, No. 98-1324, 2000 WL 263342, *4 (6th Cir. Feb. 29, 2000) (not in F. App'x) (Merritt, Siler, Moore) ("Kujenga's trial counsel was not required to make a meritless objection as to its admission.").

Because the ineffective-trial-counsel, directed-verdict, and insufficient-evidence claims are procedurally defaulted, the court need not review the Magistrate Judge's diligent alternative discussion of those claims' merits. *See* R&R at 13-20; Weston's Objections at 1-3 (merits of insanity or diminished-capacity defense, and trial counsel's alleged ineffective assistance for "failing to present testimony from either psychiatrist concerning petitioner['s] criminal responsibility"); *id.* at 3 (discussing merits of claim that trial counsel was ineffective by failing to present victim Mandell Moore's medical records, which would have established that he had not been grazed in the head by a bullet as alleged); *id.* at 3-4 (discussing merits of claim that trial counsel was ineffective by failing to properly cross-examine government witnesses, failing to offer police officer Horan as to bullet holes that would have been in the kitchen floor if Weston had truly shot at Moore while Moore lay there wounded from Weston's earlier shots); *id.* at 4-5 (erroneous denial of directed-verdict motion); *id.* at 5-6 (insufficient evidence); *id.* at 6-7 (appellate counsel's alleged failure to adequately investigate and research the matter); Gov's Reply to Weston's Objections at 3-6 (merits of defaulted habeas claim I) and 6-7 (merits of defaulted habeas claim II).

Significantly, Weston's objections do not attempt to identify any defect in the Magistrate's conclusion that his first and second habeas claims are procedurally defaulted, so this court need not review that portion of the R&R.

**The Magistrate Judge also correctly concluded that while habeas claims I and II are**

**procedurally defaulted, habeas claim III (ineffective assistance of *appellate* counsel) is not:** because the same attorney represented Weston whose performance he now challenges, he could not have been expected to convince that attorney assert a claim of ineffective assistance against himself, R&R at 13. Accordingly, it was necessary for the Magistrate to consider the merits of the ineffective-assistance-of-appellate-counsel claim. The Magistrate appropriately concluded that all parts of that claim lacked merit.

As to appellate counsel's alleged failure to provide Weston with a copy of the trial transcript, the court assumes, without deciding, that he had a right to receive a copy of the trial transcripts during the time for filing a direct appeal. *See Roberts v. Gansheimer*, 2009 WL 1607600, *6 (N.D. Ohio June 3, 2009) (Solomon Oliver, J.) ("The Supreme Court has previously stressed that an indigent defendant must be afforded certain procedural protections so that [he] may properly pursue [his] appellate rights", including a right to a trial transcript) (citing *Wolfe v. Randle*, 267 F. Supp.2d 743, 750 (S.D. Ohio 2003) (Spiegel, Sr. J.) (citing *Griffin v. Illinois*, 351 U.S. 12 (1956))); *Pierson v. Palmer*, 2002 WL 31236195, *7 (E.D. Mich. Sept. 4, 2002) ("In a criminal case, due process requires that a defendant be provided with a transcript of a prior proceeding when that transcript is needed for an effective defense or appeal.") (citing *Britt v. NC*, 404 U.S. 226, 227 (1971)). But this portion of the ineffective-assistance-of-appellate counsel claim fails anyway, because, as the Magistrate notes, Weston's brief failed to explain how his own alleged lack of access to a trial transcript impaired his appeal or otherwise prejudiced him, where there is no suggestion that *appellate counsel* did not have the trial transcripts in preparing and prosecuting the appeal. *See Pierson* 2002 WL 31236195 at *7 ("However, a state prisoner seeking federal habeas must demonstrate prejudice due to a missing transcript before a constitutional violation of a right to a fair

appeal will be found.") (citing *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986) and sister-circuit decisions).

<u>As to appellate counsel's alleged failure to raise "clear and obvious issues" on direct appeal</u>, the Magistrate accurately notes that appellate counsel did raise two of the assignments of error urged by Weston (improper calculation of state sentencing guidelines, and trial counsel's ineffective assistance for failing to argue same). The other three assignments of error which Weston wanted raised on direct appeal – ineffective assistance of trial counsel on other grounds, denial of motion for directed verdict, and insufficient evidence to support convictions for second-degree murder of Calvin Berry, assault with intent to murder Mandell Moore, and assault with intent to do great bodily harm less than death to Melvin Berry – lacked merit for the reasons stated by the Magistrate earlier in the R&R. <u>As to appellate counsel's alleged failure to adequately research and investigate</u>, the Magistrate correctly concluded that Weston has failed to demonstrate how that alleged inadequacy actually prejudiced him, *see* R&R at 21. <u>Finally, as to the claim that appellate counsel violated an administrative order of the Michigan Supreme Court</u>, Weston failed to specify which administrative order was allegedly violated, let alone show how the violation prejudiced him, *see* R&R at 21.

**CERTIFICATE OF APPEALABILITY**

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability ("COAs"). *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001))). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a [COA] is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) and *Rogers v. Davis*, 2010 WL

565381, *2 (W.D. Mich. Feb. 13, 2010) (Quist, J.) (both citing *Murphy*, 263 F.3d at 467).

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (2008), *cert. granted*, – U.S. –, 128 S.Ct. 2959 (2008), *rev'd o.g.*, – U.S. –, 129 S.Ct. 1481 (2009)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, 308 F. App'x 989 (6th Cir.) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)). Weston does not meet the standard for a COA, because other reasonable jurists would not disagree with these determinations regarding procedural default and lack of merit. Nor has he presented any other issues which are

"adequate to deserve further review."

"For the same reasons that the Court dismisses the habeas petition, if [Weston] files an application or motion for leave to proceed on appeal *in forma pauperis*, it shall be denied pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)." *Taylor v. Woods*, 2010 WL 502714, *4 (W.D. Mich. Feb.5, 2010) (Edgar, Sr. J.) (denying § 2254 habeas petition and declining to issue a COA).

# ORDER

Accordingly, having reviewed the state-court opinions and orders, the habeas petition, the R&R, Weston's objections to the R&R, and Preslesnik's response to the objections:

Petitioner's objections [document # 23] are **OVERRULED**.

The R&R [document # 22] is **ADOPTED**.

The habeas petition is **DENIED**.

This case is **TERMINATED** and **CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

This is a final order**, but the court declines to issue a certificate of appealability**.[2]

**IT IS SO ORDERED this 2nd day of March, 2010.**

---

[2] On its own, this court's refusal to issue a COA does not preclude an appeal. Weston may seek a COA from the U.S. Court of Appeals under FED. R. APP. P. 22. *See Williams v. Curtin*, 2009 WL 806934, *5 n.8 (W.D. Mich. Mar. 25, 2009) (Maloney, C.J.) (citing *Wilson v. US*, 287 F. App'x 490, 494 (6th Cir. 2008) ("If the district judge denies a COA, a request may then be made to a court of appeals . . . .") (citing *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997))).

This court's refusal to issue a COA is not appealable. *Torres v. Davis*, 2009 WL 613550, *4 n.5 (W.D. Mich. Mar. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001) ("[W]e hold that an order denying a certificate of appealability is not appealable."), *followed by Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)).

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge